THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARTHA M. MANKE, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RONALD D. PEPMEYER, Defendant-Appellee.

Third District   Nos. 3—88—0253, 3—88—0254 cons.

Opinion filed April 3, 1989.

Stephen Reed, State's Attorney, of Oquawka (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellee Martha M. Manke.

Christopher Kanthak, of Monmouth, for appellee Ronald D. Pepmeyer.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The State appeals the trial court's order granting defendants' motions to suppress evidence.

The defendants, Rob Pepmeyer and Martha Manke, were charged with possession of 30 grams or more of cocaine, unlawful manufacture or possession with the intent to deliver 15 grams or more of heroin, unlawful manufacture or possession with the intent to deliver 15 grams or more of cocaine, unlawful manufacture or possession with the intent to deliver less than 15 grams of heroin, and unlawful manufacture or possession with the intent to deliver less than 15 grams of cocaine.

Lonnie Bigger, Jr., a police officer in Gulfport, Illinois, testified that while on patrol, he received a report of gunshots by the river. He was not provided a description or identity of who was discharging a gun. When he arrived near the river, he noticed a vehicle which belonged to defendant Pepmeyer. Bigger asked Pepmeyer if he was shooting a gun or heard any gunshots, which Pepmeyer denied. Then Bigger asked Pepmeyer if he could search his vehicle. Pepmeyer consented to a limited search of his vehicle, *i.e.*, only permitting Bigger to search for a gun. At this point, Pepmeyer was not free to leave and was not provided any *Miranda* warnings. Bigger failed to discover a gun within the passenger compartment of the vehicle, so he requested permission of Pepmeyer to search his trunk. Pepmeyer refused this request. Bigger threatened to impound the vehicle and obtain a search warrant if Pepmeyer would not consent to a search of the trunk. Pepmeyer then permitted Bigger only to search for a gun in his trunk. While searching Pepmeyer's trunk, Bigger discovered drug paraphernalia in a brown paper bag. Bigger claimed the bag was large enough to contain a handgun, but he admitted that he knew the bag did not contain a gun. Defendant Manke was a passenger in Pepmeyer's vehicle. Pepmeyer was arrested for trespassing and possession of drug paraphernalia, and Manke was arrested for trespassing. After placing the defendants in separate squad cars at the scene, Bigger returned to Pepmeyer's vehicle and searched the glove compartment without permission or a warrant, discovering small film containers, which contained papers that are used to package drugs. One of

the papers contained cocaine. Thereafter, he arrested both defendants for possession of a controlled substance. Neither defendant was yet provided *Miranda* warnings.

Bigger stated that he intended to arrest Pepmeyer for trespass at the time of the initial search, but he did not effect this arrest at the time of the initial search.

The trial judge held that evidence of consent had not been fully established and Pepmeyer's consent was involuntarily obtained. He suppressed all the evidence as to both defendants.

The State contends the trial judge erred in granting the defendants' motions to suppress because Pepmeyer voluntarily consented to the search of his vehicle.

■■ ■ In regard to the validity of the search of Pepmeyer's vehicle, consent, when given, must be voluntary. (*People v. Koniecki* (1985), 135 Ill. App. 3d 394, 481 N.E.2d 973.) When deciding whether such consent is voluntary, the court will look to the "totality of the circumstances," which includes the following factors: (1) the giving of *Miranda* warnings; (2) the time space between arrest and consent; (3) the presence of intervening circumstances; (4) the purpose of the officer's illegal acts; and (5) the flagrancy of the officer's conduct. (*Koniecki*, 135 Ill. App. 3d at 402.) It is clear that Bigger never provided *Miranda* warnings to defendants from the time of the initial contact until defendants were placed into formal custody. It was reasonable to believe that Pepmeyer was under arrest and not free to leave, especially when Bigger stated such. Bigger admitted that if Pepmeyer would have attempted to leave on his own volition, he would have immediately arrested Pepmeyer. Any search incident to an arrest is limited to the circumstances which permit the initiation of the search. An arrest for trespass should not and does not allow a search of a trunk of a vehicle. *People v. Wetherbe* (1984), 122 Ill. App. 3d 654, 462 N.E.2d 1.

■■ In this case, Pepmeyer was coerced into consenting to the search of his trunk, even though he permitted only a limited search. Bigger threatened to have Pepmeyer's vehicle impounded and a search warrant issued if he did not consent to a search of the trunk. The question of whether the consent was voluntary or the product of duress or coercion, express or implied, is determined from the totality of the surrounding circumstances. (*Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041; *People v. Devine* (1981), 98 Ill. App. 3d 914, 424 N.E.2d 823.) A court must look to the surrounding circumstances to determine if it is proper for police authorities to threaten seizure of property. (*People v. DeLisle* (1982), 104

Ill. App. 3d 297, 432 N.E.2d 954.) It is readily apparent that Pepmeyer was not given a free choice and did not voluntarily consent to this search of his trunk.

■ The trial judge's determination of the voluntariness of a consent is to be accepted on review unless the ruling of the trial judge is manifestly erroneous. (*People v. Billings* (1977), 52 Ill. App. 3d 414, 367 N.E.2d 337.) Therefore, this search was invalid and the items seized from this search should be suppressed. The trial court's decision is correct with respect to defendant Pepmeyer.

■ Defendant Manke was a passenger in Pepmeyer's vehicle. Normally, a passenger in an automobile does not have an expectation of privacy in areas of the automobile that would be of no concern to her such as the trunk, glove compartment, and area under the seat. (*Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421.) However, there have been several decisions released subsequent to *Rakas* that have held that a passenger in an automobile does have standing to challenge a search of that automobile if the search was precipitated by an unlawful seizure or stop of that individual. (*United States v. Durant* (8th Cir. 1984), 730 F.2d 1180.) In *People v. Kunath* (1981), 99 Ill. App. 3d 201, 425 N.E.2d 486, the court held that an automobile passenger has standing to contest a search when the stop occurred without probable cause. Similarly, the court in *People v. LaGrone* (1984), 124 Ill. App. 3d 301, 464 N.E.2d 712, held that a passenger in a car has standing to challenge the propriety of a stop and resulting search when the stop is found to have occurred without probable cause. In *LaGrone*, the court held that the evidence must be suppressed as it relates to automobile passengers when there is no probable cause for the original seizure. A reviewing court must look to the record to support a trial court's finding and affirm that finding if there is any basis for that finding. (*People v. Winters* (1983), 97 Ill. 2d 151, 454 N.E.2d 299.) There is no reason to doubt that Manke has standing to challenge this search since it has been determined that it was conducted without a valid warrant and without voluntary consent or permission.

■ By analogy, a passenger in an automobile has standing to challenge a search of property or containers in that automobile which belong to her. A passenger has standing to challenge a warrantless search of her briefcase. (*United States v. McGrath* (2d Cir. 1979), 613 F.2d 361.) A passenger in a car has standing to challenge a warrantless search of a shopping bag in the car. (*United States v. Salazar* (9th Cir. 1986), 805 F.2d 1394.) The trial court was correct in determining that defendant Manke had standing to challenge this search,

and because this search was, in fact, invalid, the items seized should likewise be suppressed with respect to her.

The State claims this search was justified because the items seized were in plain view. This drug paraphernalia was not discovered in plain view as the State argues. The drug paraphernalia was found in two places: in a closed brown bag located in the trunk and in the glove compartment, which was secured. Furthermore, Bigger admitted that he knew that a gun was not located in the brown bag.

Based on the foregoing, the circuit court of Henderson County is hereby affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.