No. 3--96--0903

IN THE 

APPELLATE COURT OF ILLINOIS 

THIRD DISTRICT

A.D., 1997

PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) for the 14th Judicial Circuit ) Whiteside County, Illinois

 Plaintiff-Appellee, ) 

)

v. ) No. 95--CF--237

) 

HARRY MICHAEL BOWER, )

) Honorable

) Timothy J. Slavin,  

Defendant-Appellant. ) Judge Presiding

JUSTICE HOMER delivered the opinion of the court:

The defendant, Harry Bower, was convicted of possession of cannabis with intent to deliver (720 ILCS 550/5 (West 1994)) and cannabis trafficking (720 ILCS 550/5.1 (West 1994)).  He appeals the trial court's dismissal of his motion to suppress evidence seized during an inventory search of the Hertz rental car he had borrowed from the renter.  The defendant admitted that the 62.5 pounds of cannabis found in the trunk of the car belonged to him.  The sole issue on appeal is whether the trial court erred in finding that the defendant lacked standing to object to the search.  We affirm. 

FACTS

The Hertz rental car agency at the San Diego airport denied the defendant's rental application because he had an outstanding traffic ticket from Arizona.  The defendant called his friend, Gary DeGraff, and informed him of the situation, explaining that he needed the car so he could visit his family in Illinois and friends along the way.  DeGraff agreed to rent the car for the defendant using his own identification and credit card.  Although the defendant was present at the time of the rental, DeGraff did not inform the Hertz agent that he was renting the car for the defendant's use.  The defendant agreed to reimburse DeGraff for the expense of renting the car; however, he had not done so at the time of the suppression hearing. 

The Hertz agent presented DeGraff with a standard form rental agreement and asked him to initial certain provisions  which had been circled by the agent, including one pertaining to insurance coverage and a prohibition from driving into Mexico.   According to his testimony, DeGraff was aware of the provision which purportedly read:  "no additional authorized operators without Hertz' prior written approval," but indicated that he was not asked to initial that specific provision.  The defendant drove off in the rental car.

Two days later, the defendant was stopped by an Illinois state trooper on Interstate 88 near Rock Falls and issued a warning ticket for his alleged failure to signal during a lane change.  When asked for his license and registration, the defendant presented the Arizona traffic ticket and the Hertz rental agreement.  Because the defendant was not named as either the renter of the vehicle or an authorized driver, the police contacted the security division of Hertz.  Hertz requested that its vehicle be impounded because the defendant was not authorized to drive it.

The police did not arrest the defendant, but they informed him that the vehicle would be towed to Rock Falls at which time its contents would be inventoried.  The police gave the defendant a ride to Rock Falls, and upon searching the vehicle, they found two cardboard boxes containing a large amount of cannabis in the trunk.  The defendant admitted that the cannabis belonged to him.

The defendant filed a motion to suppress the evidence.  After a hearing, the court found, as a matter of law, that the defendant had no standing to object to the search of the vehicle or its contents.  The defendant was ultimately found guilty on both counts after a stipulated bench trial, and he was sentenced to a total of 9 years' imprisonment and assessed fines and costs of $136,844.00.

ANALYSIS

As previously noted, the sole issue raised on appeal is whether the trial court erred in finding that the defendant lacked standing to object to the search of the rental car that he was driving.  Ordinarily, a trial court's ruling on a motion to suppress evidence will not be disturbed on appeal unless it is deemed to be against the manifest weight of the evidence.  
People v. James
, 163 Ill. 2d 302, 310, 645 N.E.2d 195, 199 (1994).
  However, whether a defendant has standing to question an allegedly illegal search or seizure is a question of law.  
People v. Foskey
, 136 Ill. 2d 66, 76, 554 N.E.2d 192, 197 (1990).  Therefore, the appropriate standard of review in the instant case is 
de
 
novo
.  
People v. Froio
, 198 Ill. App. 3d 116, 120, 555 N.E.2d 770, 773 (1990); 
People v. Graves
, 196 Ill. App. 3d 273, 276-77, 553 N.E.2d 810, 812 (1990). 

The defendant argues that he presented sufficient evidence demonstrating that he had obtained a possessory interest in the rental car giving rise to a reasonable expectation of privacy.  He contends that he was legitimately present in the car based upon his agreement with DeGraff.  He asserts that the "no additional authorized drivers" language of the rental contract was not operative, and in any event, was not determinative of his standing to complain of an unlawful search of the car.  Further, he argues that he demonstrated a subjective expectation of privacy which established his standing to object to the search.

The State asserts that although the defendant was the driver of the car, he had no legitimate expectation of privacy sufficient to allow him to contest its search because he was not listed as an authorized driver on the rental agreement which expressly prohibited unauthorized drivers from operating the car.  The State also argues that even if the defendant had a subjective expectation of privacy, that expectation is not one which society is willing to recognize as reasonable.  Despite the fact that both the defendant and DeGraff knew that the defendant was ineligible to rent the car from Hertz, the State asserts that they decided to engage in subterfuge to obtain the car for the defendant.  As a matter of public policy, the State argues that this court should affirm the trial court's decision.

We must decide whether a defendant in sole possession and control of a rental car entrusted to him by the renter, without the consent of the rental company, has standing to challenge a search of the car.  The State cites two Illinois cases which are not particularly helpful to the issue at hand because they are clearly distinguishable on the facts.  See 
People v. McCoy
, 269 Ill. App. 3d 587, 646 N.E.2d 1361 (1995) (none of the occupants of the rental car, including the defendant, could legally operate the car because none had a driver's license and there was no proof that any of them had permission to use the rental car); 
People v. Manikowski
, 186 Ill. App. 3d 1007, 542 N.E.2d 1148 (1989) (passenger not listed in the rental agreement had no standing to object to a search of the rental car in which he was traveling on a cross country trip).  Although there are several federal cases which are instructive on this issue, we consider this a case of first impression in Illinois. 

It is a fundamental principle of law that the fourth amendment protection against unreasonable governmental searches and seizures extends only to those individuals who have a "reasonable expectation of privacy" in the place searched or property seized.  
People v. Johnson
, 114 Ill. 2d 170, 191, 499 N.E.2d 1355, 1364 (1986), citing 
Rakas v. Illinois
, 439 U.S. 128, 143, 99 S. Ct. 421, 430, 58 L. Ed. 2d 387, 401 (1978).  A defendant bears the burden of proving that he has standing to object to the search by demonstrating not only that he, personally, had an actual or subjective expectation of privacy in the place searched, but also that his expectation is one that society is willing to recognize as reasonable.  
Katz v. United States
, 389 U.S. 347, 359, 88 S. Ct. 507, 516, 19 L. Ed. 2d 576, 586 (1967). 

   Importantly, we note that a police officer's belief as to the defendant's possessory interest in the vehicle to be searched has no bearing upon the question of the defendant's standing to object to a search.  W. LaFave, Search & Seizure §11.3(e), at 181-82 (3d ed. 1996).  Although the officer's belief and the reasonableness of it are of considerable significance if there is occasion to reach the merits and determine if the search was lawful, a person's standing depends upon his own legitimate expectation of privacy, independent of what the police believe or even the actual facts.  W. LaFave, Search & Seizure §11.3(e), at 182 (3d ed. 1996).

The question of whether a defendant has a reasonable expectation of privacy must be resolved based upon the totality of the circumstances in each case.  
Johnson
, 114 Ill. 2d at 191-92, 499 N.E.2d at 1364.  Our supreme court has enumerated six factors to consider in making this determination, which include:  (1) property ownership; (2) possessory interest; (3) prior use; (4) legitimate presence; (5) ability to control or exclude others' use; and (6) subjective expectation of privacy.  
Johnson
, 114 Ill. 2d at 191-92, 499 N.E.2d at 1364.  The defendant's subjective expectation of privacy, therefore, is but one factor to be considered.

The defendant in this case clearly had no property ownership interest in the vehicle which was owned by Hertz and leased to DeGraff.  Although the defendant was in exclusive possession of the vehicle at the time of the search, and therefore, had the ability to control its use, his presence in the vehicle as its operator was not legitimate.  Under the express terms of the rental agreement, DeGraff was the only legal operator of the rental car.

Further, the defendant knew that DeGraff had no authority to grant him possession of the car based upon the defendant's unsuccessful attempt to rent a car from Hertz at the same location only 40 minutes earlier.  The defendant does not dispute that he enlisted DeGraff to lease the car so that the defendant could take possession of the car that Hertz was unwilling to lease to him.  The defendant, in full awareness of these facts, took possession of the car and used it to transport illegal drugs across the country.  We hold that the defendant had no reasonable expectation of privacy, thus, no standing to object to the search. 

Our decision is supported by a line of federal district court cases which have been decided on similar facts.  For example, in 
United States v. Obregon
, 748 F.2d 1371 (10th Cir. 1984), a defendant was driving a rented car when he was stopped at a police roadblock.  After the police discovered that the defendant was not named in the rental contract, the defendant gave his oral consent to a search which uncovered a quantity of illegal narcotics.  The circuit court of appeals affirmed the decision of the district court holding that the defendant had no legitimate expectation of privacy and that the defendant's relationship to the rental car was "too attenuated" to support a claim of standing.  
Obregon
, 748 F.2d at 1374.

Similarly, in 
United States v. Boruff
, 909 F.2d 111 (5th Cir. 1990), a defendant driving a car rented by his girlfriend was stopped and the car was searched.  The rental agreement provided that the girlfriend was the only authorized driver and prohibited the car from being used for illegal purposes.  In holding that the defendant had no reasonable expectation of privacy, the court explained that under the express terms of the rental agreement, the girlfriend was the only legal operator of the vehicle and that she had no authority to give control of the automobile to the defendant.  Similar decisions were reached in 
United States v. Jones
, 44 F.3d 860 (10th Cir. 1995), 
United States v. Wellons
, 32 F.3d 117 (4th Cir. 1994), and 
United States v. Roper
, 918 F.2d 885 (10th Cir. 1990). 

Contrary to the defendant's assertion that these federal cases are "not well-reasoned," we find them persuasive.  In an effort to distinguish the instant case, the defendant asserts that unlike the federal cases, he presented evidence at the suppression hearing that DeGraff did not agree to the "no additional authorized operators" provision of the agreement.  In support, he points out that DeGraff did not initial that provision of the rental agreement and testified that he would have refused to assent to it.

The defendant's argument is an effort to avoid the clear meaning of the rental agreement.  Basic principles of contract hold that a person who signs a contract is agreeing to the terms in their entirety regardless of whether he makes a special indication on each individual provision.  See generally 
Leon v. Max E. Miller & Son
, 23 Ill. App. 3d 694, 320 N.E.2d 256 (1974).  The scheme orchestrated by the defendant in this case was designed to circumvent Hertz' policies which required that lessees be in possession of a valid driver's license at the time of rental and all other operators to be authorized by the company.

As the primary authority supporting his contention of standing, the defendant cites 
United States v. Kye Soo Lee
, 898 F.2d 1034 (5th Cir. 1990).  In that case, the court found that the permissive users of a rental truck did have standing to contest its search.   Although neither the driver nor the passenger rented the truck, they informed the police that they had borrowed it from the person who rented it.  The cargo hold of the truck was ultimately searched revealing contraband.  The district court, applying factors similar to those enumerated in 
Johnson
, found that the defendants had a legitimate possessory interest in the cargo hold because they had been given permission to use the truck by the renter.

In support of its decision, the court in 
Kye Soo Lee
 cited 
United States v. Martinez
, 808 F.2d 1050, 1056 (5th Cir. 1987), for the general principle of bailment law which holds that where a person has borrowed an automobile from another, the borrower becomes a lawful possessor of the vehicle.  
Kye Soo Lee
, 898 F.2d at 1038.  Consequently, the defendant asserts that the primary issue in this case should be whether the defendant had the renter's permission to drive the car.  However, unlike in 
Kye Soo Lee
, we have the fact that the defendant knew that he did not have the owner's authority to operate and take possession of the car. 

For similar reasons, we also find the defendant's analogy to "invited guest" cases misplaced.  Specifically, the defendant points to cases in which invited guests have been found to have a reasonable expectation of privacy under certain circumstances.  See 
Jones v. United States
, 362 U.S. 257 (1960) (guest who had been given keys to an apartment and had slept there); 
People v. Taylor
, 245 Ill. App. 3d 602, 614 N.E.2d 1272 (1993) (passenger traveling across country in owner-driver's car loaded with passenger's luggage and personal effects); 
People v. Olson
, 198 Ill. App. 3d 675, 556 N.E.2d 273 (1990) (unregistered guests in hotel room rented by their mother); 
People v. Bookout
, 241 Ill. App. 3d 72, 608 N.E.2d 598 (1993) (unregistered guest in hotel who has been asked to leave by the management).  The defendant argues that much like those cases, he was legitimately occupying the rental car, and thus, had standing to object to a search.  The fatal distinction lies in the fact that the instant defendant was not, in fact, legitimately occupying the car because the defendant knew that DeGraff lacked authority from Hertz to give him possession of the car.

We hold that the entrustment by a lessee of a rental vehicle to a third party is insufficient to create a reasonable expectation of privacy in that third party where the third party knows the entrustment is without the authority of the vehicle's owner.  Accordingly, the trial court properly dismissed the defendant's motion to suppress on the grounds that he lacked standing. 

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

LYTTON, P.J., and MICHELA, J., concur