3-05-0218
_____ _____

Filed February 3, 2006

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| THE PEOPLE OF THE STATE | ) | Appeal from the Circuit Court |
| OF ILLINOIS, | ) | of the Twenty-First Judicial |
| | ) | Circuit, Iroquois County, |
| Plaintiff-Appellant,) Illinois | | |
| | ) | |
| v. | ) | No. 04-CF-116 |
| | ) | |
| EDWARD C. YOUNG, | ) | Honorable |
| | ) | Gordon L. Lustfeldt |
| Defendant-Appellee. | ) | Judge Presiding |

_____

JUSTICE LYTTON delivered the Opinion of the court:
_____

Defendant, Edward Young, was arrested and charged with unlawful possession of cannabis with intent to deliver. Defendant filed a motion to quash arrest and suppress evidence. The trial court granted defendant's motion to suppress evidence. We affirm.

Defendant was a passenger in a vehicle that Janaei Gails was driving from Chicago to Carbondale. While traveling on Route 57, Gails was pulled over by Officer Darrin Devine, who observed one or two large air fresheners hanging from the rearview mirror. Devine first spoke to Gails, who provided an incorrect name and date of birth. Upon searching police records, Devine discovered Gails' real

name and that her license was suspended. Gails was placed under arrest and searched.

Devine planned to have Gails' vehicle towed from the scene and called headquarters to bring a tow truck. He did not notify Gails or her passengers that he ordered the tow. Prior to the vehicle being towed, Devine conducted an inventory search of the vehicle. In the trunk, Devine found a suitcase. When he opened the suitcase, he saw a tightly wrapped and taped package on top of clothing. Devine asked the passengers who owned the suitcase and package. Defendant acknowledged that they were his and admitted that the package contained marijuana. Defendant was arrested.

After Devine arrested defendant, Kenneth Garrison, another passenger in the vehicle, informed Devine that he had a valid drivers license. Devine cancelled the tow and allowed Garrison to drive the vehicle from the scene.

Defendant was charged with one count of unlawful possession of cannabis with intent to deliver. Defendant filed a motion to quash his arrest and suppress the evidence found in Gails' vehicle. At the hearing on the motion, defendant testified that Gails was a friend of a friend who was providing him a ride from Chicago to Carbondale. Defendant had no ownership interest in the vehicle but did own the suitcase in the trunk of the vehicle that contained marijuana.

Devine testified that it is State Police policy to tow a vehicle when there is no valid driver. Prior to towing the vehicle, State Police policy requires that the officer conduct an inventory search of the vehicle. According to Devine, State Police policy

2

does not require an officer to investigate whether there is a valid driver before ordering a tow and conducting an inventory search.

The trial court denied defendant's motion to quash his arrest but granted defendant's motion to suppress the evidence Devine seized and the statements defendant made to Devine. The State appealed.

Where, as here, the evidence is not in dispute, we review the propriety of a trial court's order of suppression <u>de</u> <u>novo</u>. <u>People v. Centeno</u>, 333 Ill. App. 3d 604, 776 N.E.2d 629 (2002).

## 1. Standing

The State argues that defendant lacks standing to object to the search. Generally, a passenger lacks standing to challenge the search of another's vehicle unless the passenger has a legitimate expectation of privacy in the place searched. <u>People v. Juarbe</u>, 318 Ill. App. 3d 1040, 743 N.E.2d 607 (2001), citing <u>Rakas v. Illinois</u>, 439 U.S. 128, 135, 99 S.Ct. 421, 426, 58 L.Ed.2d 387, 395, (1978). A person has a legitimate expectation of privacy in an area if: (1) the individual, by his conduct, has exhibited a subjective expectation of privacy; and (2) such, an expectation is justifiable under the circumstances. <u>Juarbe</u>, 318 Ill. App. 3d at 1050, 743 N.E.2d at 616, citing <u>Smith v. Maryland</u>, 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220, 226-27 (1979). A passenger has a legitimate expectation of privacy in his personal luggage and belongings stored in a vehicle. See <u>People v. Sparks</u>, 315 Ill. App. 3d 786, 734 N.E.2d 216 (2000); <u>People v. Taylor</u>, 245 Ill. App. 3d 602, 614 N.E.2d 1272 (1993); <u>United States v. Edwards</u>, 242 F.3d 928 (10th Cir. 2001).

3

Here, the parties agree that defendant owned the suitcase that was inside the trunk of Gails' vehicle. The suitcase was closed and contained defendant's clothing and personal items. Defendant was an invited passenger in Gail's vehicle and was present during the search of his suitcase. When questioned, defendant readily claimed ownership of the suitcase. Based on these facts, defendant manifested a subjective expectation of privacy in his suitcase that was reasonable. Thus, defendant had standing to challenge the search of his suitcase. See People v. Manke, 181 Ill. App. 3d 374, 378, 537 N.E.2d 13, 15 (1989) ("[A] passenger in an automobile has standing to challenge a search of property or containers in that automobile which belong to her.").

## 2. Propriety of Search

The State also argues that the inventory search was proper pursuant to Illinois State Police policy. An inventory search of a vehicle is an exception to the warrant requirement of the fourth amendment. People v. Hundley, 156 Ill.2d 135, 619 N.E.2d 744 (1993). To be valid, an inventory search must be conducted in good faith pursuant to reasonable standardized police procedures. Hundley, 156 Ill.2d at 138, 619 N.E.2d at 745.

Devine testified that Illinois State Police policy on inventory searches is to tow and search a vehicle if none of the occupants are licensed drivers. The State argues that the policy did not require that Devine investigate whether there was a licensed driver prior to searching the vehicle. However, we believe the policy must inherently contain such a requirement.

4

An inventory search is only authorized by State Police policy if there is no licensed driver available to drive the vehicle. Logically, in order to determine if there is a licensed driver, an officer must ask the occupants. It is unreasonable to assume that passengers will automatically and affirmatively volunteer that they are licensed drivers. If officers do not query other occupants of the vehicle, the policy would have little meaning.

Devine ordered the tow and conducted an inventory search without inquiring whether there was a licensed driver in Gails' vehicle. Since there was another licensed driver, an inventory search was not allowed under the State Police policy. Thus, the search was invalid, and the trial court correctly suppressed the evidence obtained from it.

The order of the circuit court of Iroquois County is affirmed.

Affirmed.

BARRY and MCDADE, JJ., concurring.