THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TIMOTHY ADAMS, Defendant-Appellant.

Third District  No. 3—92—0466

Opinion filed March 19, 1993.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a jury trial, the defendant, Timothy Adams, was found guilty of armed violence (Ill. Rev. Stat. 1991, ch. 38, par. 33A—2) and unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56½, par. 1402). The trial court entered judgment on the armed violence verdict and sentenced the defendant to six years in prison. The defendant appeals. We reverse.

On January 21, 1992, the vice and narcotics bureau of the Peoria police department conducted a raid, pursuant to a search warrant, of an apartment in Peoria. Peoria police officer Rodger Lowery testified the authorities arrived at the residence around 6 p.m. After knocking and announcing loudly their presence, the officers heard a "commo-

tion" within the apartment. Fearing evidence might be destroyed, the officer forced open the door with a battering ram.

On entering the apartment, Lowery proceeded immediately down a hallway and to a bathroom. He opened the door to the bathroom and found the defendant standing in front of the toilet. The defendant's pants were zipped up, and he had his hands raised above his head. Lowery ordered the defendant to lie on the floor and the defendant immediately complied. Another officer then entered the bathroom to watch the defendant while Lowery continued on through the residence.

Eventually three other men were located in the apartment. All four men were brought to a single location, where the authorities sought the identity of the owner or tenant. (Codefendant Roy Williams, one of the other men apprehended in the raid, was subsequently shown to have signed the lease to the apartment. His case was consolidated with the defendant's for purposes of the trial. The jury found him guilty of two of the three charges brought against him.)

After the defendant had been removed from the bathroom and placed with the other men, Lowery returned to the bathroom. In the tub he found a gun and $220 in "plain view." Thereafter, he opened a cabinet under the sink and found a bucket filled with water. Floating in the water was a plastic bag. In the bag were 11 small packets containing an off-white rock-like substance. This substance was later shown to contain cocaine. A search of the defendant's person showed he was carrying $500 in cash.

Other guns were found on the premises. In addition, hidden in the freezer portion of a refrigerator the police found another 25 small packets of a substance later shown to contain cocaine. The defendant was charged with possession of less than 15 grams of a controlled substance containing cocaine and armed violence predicated on the possession offense.

At his trial, the defendant testified that he had gone to the apartment that evening to meet with a friend, Ronald Gary, who supposedly lived there. He wanted to contact the landlord about renting an apartment in the building. He was told Gary was not there but was expected back shortly. He decided to wait. He sat on a couch drinking beer for approximately 20 minutes. He then asked to use the bathroom. As he finished going to the bathroom, he heard "rumbling and stuff." An officer entered the bathroom and told him to "freeze." He complied.

As stated previously, the jury found the defendant guilty on both counts. The trial court entered judgment on the armed violence count and sentenced the defendant to the minimum term of imprisonment for a Class X felony—six years (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(3)).

On appeal, the defendant argues his conviction for armed violence must be reversed because the evidence failed to prove the predicate offense of unlawful possession. We agree. In order to find the defendant guilty of armed violence, the evidence had to show he was armed with a dangerous weapon while he committed the felony of unlawful possession of a controlled substance. (See Ill. Rev. Stat. 1991, ch. 38, par. 33A—2.) If the evidence is insufficient to establish unlawful possession, the armed violence conviction cannot stand.

In general, to achieve a successful prosecution for possession of a controlled substance, the State must establish that the accused had knowledge of the presence of narcotics and that the narcotics were in the accused's immediate and exclusive control. (*People v. Ray* (1992), 232 Ill. App. 3d 459, 597 N.E.2d 756.) Possession may be established by evidence of either actual or constructive possession. (*People v. Songer* (1992), 229 Ill. App. 3d 901, 594 N.E.2d 405.) Where narcotics are found on the premises rather than on the defendant, the State must prove that the defendant had control of the premises in order to permit the inference that the defendant had knowledge and control over the narcotics. (*People v. Ray* (1992), 232 Ill. App. 3d 459, 597 N.E.2d 756.) The mere presence in the vicinity of contraband cannot establish constructive possession. (*People v. Kissinger* (1975), 26 Ill. App. 3d 260, 325 N.E.2d 28.) When presented with a challenge to the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

In the instant case, the defendant was not in actual possession of narcotics. No narcotics were found on his person or among his belongings. The State argues the evidence shows the defendant constructively possessed the cocaine found under the bathroom sink. The State constructs an elaborate series of alleged inferences which it contends support the jury's finding of constructive possession. We find the argument unpersuasive.

Here, the defendant was found standing in the bathroom with his hands raised above his head. There is no argument that the defendant was a visitor to the apartment; he had no control over the premises.

There was no evidence connecting him with the cocaine in the cabinet. Nothing to show he had ever been in the cabinet. Even Officer Lowery agreed he did not know who placed the cocaine under the sink or how long it had been there. The State would have the defendant's conviction stand on his mere presence in the vicinity where cocaine was found. Such attenuated proof would set an unsettling and dangerous precedent.

In sum, the evidence was insufficient to show constructive possession of cocaine on the part of the defendant. Since his conviction for armed violence was predicated on possession of a controlled substance, that conviction cannot stand. In addition, there is serious doubt as to whether the evidence was sufficient to prove possession by the defendant of the gun found in the bathtub. In any event, we need not address the other issues raised by the defendant.

Therefore, the judgment of the circuit court of Peoria County is reversed.

Reversed.

McCUSKEY, P.J., and BARRY, J., concur.