THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SIDNEY McLAURIN, Defendant-Appellant.

Third District    No. 3—01—0255

Opinion filed June 14, 2002.

Kerry J. Bryson, of State Appellate Defender's Office, and Brad Federow, both of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Following a jury trial, defendant Sidney McLaurin was convicted of unlawful possession of a controlled substance (cocaine) with intent to deliver (720 ILCS 570/401(a)(1)(A) (West 1998)). Defendant appeals, arguing that (1) the court erred in denying his motion to suppress evidence; and (2) the State's evidence of possession was insufficient. We affirm.

## FACTS

At the hearing on the suppression motion, Joliet police officer Marc Reid testified that on the evening of July 27, 1999, while Reid

and his partner, Kevin O'Boyle, were on street patrol, Reid observed defendant driving a gray van along Iowa Street. Having arrested defendant on prior occasions, the officers believed defendant's driver's license was suspended. The officers verified defendant's license suspension and circled the block to position themselves for a traffic stop. When they returned to Iowa Street, the van was gone. The officers then proceeded to a house on Boulder Street, where they had arrested defendant on a prior occasion. O'Boyle testified that the house was rented to Elwana Williams, who lived there with her sister and children. Williams told O'Boyle that no males were permitted on the property.

The officers arrived at the Boulder Street address within five minutes of having seen defendant on Iowa Street. Defendant's van was parked in front of the house with the motor running, the driver's door open and loud music playing. Defendant was not in the van. The officers saw Curtis Smith standing nearby. Smith was yelling, "Sidney, police are coming!"

O'Boyle testified that he saw defendant crouched by the back corner of the house. As O'Boyle ran toward him, defendant jumped up and met O'Boyle on the driveway. Defendant said, "What's up, O'Boyle?" O'Boyle asked defendant what he was doing, and defendant said he was "taking a piss." O'Boyle sent defendant to the front of the house with Reid to wait with back-up officers who had gathered at the scene. Then, he and Reid went back to investigate the area where defendant had been crouched.

Based on the foregoing evidence, defense counsel argued that the police lacked probable cause to arrest defendant and that the drugs subsequently discovered during the search of the rear of the house were the tainted fruit of an unlawful arrest. The trial court denied the motion, ruling that defendant was lawfully detained based on the officers' reasonable suspicion that defendant had been driving on a suspended license.

At trial, O'Boyle testified that during the ensuing search at the back of the house on Boulder Street, he heard defendant commenting that the police had no business on the property; they needed a search warrant. Nevertheless, O'Boyle and Reid searched the area where defendant had been crouched for evidence of urine and found none. Both the side of the house and the ground were dry. Reid said he saw clear plastic protruding from under the siding in the corner of the house where defendant had been crouched. The siding was loose, and he removed a sandwich bag containing 17 small packages of a white rock-like substance resembling crack cocaine. On the other side of a bush in the same area, Reid found another sandwich bag with 16 more

small packages of suspected cocaine. After placing the evidence in his squad car, Reid told defendant he was under arrest for possession of cocaine. The material in the sandwich bags subsequently tested positive for cocaine and weighed 79.4 grams.

Police sergeant John Perona testified that he responded to a call to conduct a canine search of the Boulder Street property on the evening of July 27, 1999. Perona said his canine partner was trained to find controlled substances, including cocaine. The cocaine under the house siding had been removed when Perona arrived, and the dog did not alert. Perona explained that if drugs are left in a location for a period of time, the odor will permeate the surrounding surface and the dog will alert even after the drugs have been removed. However, if the drugs were left in an area for only a few minutes, the odor may not have transferred to the surrounding area sufficient for the dog to detect it after the drugs are removed.

Expert testimony established that the crack cocaine found in this case had a street value of approximately $8,000 and was packaged for sale to street-level drug dealers. Forensic testimony established that the plastic bags containing the crack cocaine were tested, but no identifiable fingerprints were recovered from them.

At the close of the State's case, defendant moved for a directed verdict. The motion was denied, and both parties rested. The jury subsequently found defendant guilty, and the court sentenced him to 16 years' imprisonment.

## ISSUES AND ANALYSIS

### I

On appeal, defendant first argues that the trial court erred in denying his motion to suppress evidence. Specifically, defendant claims that he was not arrested until after the cocaine was found; the search was not justified as a search incident to arrest; and no other exception to the warrant requirement applies. In so arguing, defendant has abandoned the position assumed in the trial court, which was that the police lacked probable cause to arrest.

■ Having failed to challenge the search as unreasonable in the trial court, defendant has waived the argument on review. *People v. Knight*, 75 Ill. 2d 291, 388 N.E.2d 414 (1979). Moreover, it is well settled that an accused contesting a search bears the burden of proving standing, *i.e.*, that he had a legitimate expectation of privacy in the premises or property searched. *Rakas v. Illinois*, 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978). A defendant's transitory presence on the premises at the time of the search or immediately prior to the search is insufficient to establish a legitimate expectation of privacy. *People v. Delgado*, 231 Ill. App. 3d 117, 596 N.E.2d 149 (1992).

Defendant posits that he has a reasonable subjective expectation of privacy in material he has hidden. However, defendant has not shown that such an expectation was legitimate in this case. In his statement to O'Boyle, defendant claimed that he was merely using the property for urinating, conduct which in itself justified a reasonable suspicion of criminal trespass and further investigation. See *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). The evidence indicated that defendant was an intruder with no arguably legitimate interest in the premises or the loose siding used to conceal the drugs. See *People v. Bower*, 291 Ill. App. 3d 1077, 685 N.E.2d 393 (1997) (defendant's possession of rental car in violation of lease agreement did not confer standing to protest search); *cf. People v. Payton*, 317 Ill. App. 3d 909, 741 N.E.2d 302 (2000) (defendant had reasonable expectation of privacy in family barbeque grill on porch of apartment building where defendant lived with his mother). Accordingly, we hold that defendant has failed to establish that he had standing to contest the search, and we affirm the trial court's denial of defendant's motion to suppress evidence.

## II

Next, defendant argues that the State's evidence of knowing possession of the cocaine was insufficient to sustain a conviction, and the trial court erred in denying his motion to direct a verdict in his favor.

■ Possession may be actual or constructive. Actual possession need not be demonstrated if constructive possession can be inferred. *People v. Neylon*, 327 Ill. App. 3d 300, 762 N.E.2d 1127 (2002). Constructive possession exists where intent and capability to maintain control and dominion over the substance exist. *Neylon*, 327 Ill. App. 3d 300, 762 N.E.2d 1127. Evidence establishing constructive possession is often entirely circumstantial. *People v. Minniweather*, 301 Ill. App. 3d 574, 703 N.E.2d 912 (1998). Where narcotics are found on the premises rather than on a defendant, constructive possession may be inferred from facts showing that he once had physical control with intent to exercise control in his own behalf, he has not abandoned the drugs and no other person has obtained possession. *People v. Adams*, 161 Ill. 2d 333, 641 N.E.2d 514 (1994).

■ To sustain a conviction based on unlawful possession of a controlled substance, the State must also prove that the defendant had knowledge of the presence of the substance. *People v. Schmalz*, 194 Ill. 2d 75, 740 N.E.2d 775 (2000). Knowledge can rarely be proved directly but may be inferred from surrounding circumstances, including the defendant's actions, declarations, or other conduct. *People v. Roberts*, 263 Ill. App. 3d 348, 636 N.E.2d 86 (1994). In considering the suffi-

ciency of evidence on review, this court must determine whether all of the evidence, viewed most favorably to the prosecution, is sufficient to convince any rational trier of fact that the elements of the offense have been proved beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985).

█ In this case, the State introduced ample circumstantial evidence of defendant's constructive possession of the cocaine secreted in the siding of the house on Boulder Street. Defendant arrived at the residence approximately five minutes ahead of the police and was crouched in the immediate area where the drugs were found. The evidence indicated that the cocaine had been placed under the siding so recently that the drug-sniffing dog could not detect its odor. And, there was no indication that any other person was in that area during the period between when the cocaine would have been placed there and when the police found it. This evidence was sufficient to give rise to a reasonable inference that defendant once had physical control of the cocaine.

In addition, defendant's knowledge of the presence of the drugs and his intent to maintain exclusive control of them were established by circumstantial evidence, including defendant's conduct and comments at the scene. Hiding drugs to avoid detection indicates an intent to exercise control over them. *Adams*, 161 Ill. 2d 333, 641 N.E.2d 514. Upon hearing that the police were on the premises, defendant quickly moved away from where the cocaine was hidden. A permissible inference was that defendant knew of the presence of contraband and sought to physically distance himself from it. Defendant then lied to the police about his activity at the rear of the house and advised them that they could not search the area without a warrant, indicating that he intended to maintain exclusive control of the drugs.

Based on the foregoing evidence, a rational trier of fact could conclude that defendant knowingly possessed the cocaine under the siding. See *Minniweather*, 301 Ill. App. 3d 574, 703 N.E.2d 912. Accordingly, the evidence was sufficient to support defendant's conviction, and the trial court did not err in denying defendant's motion for a directed verdict.

## CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE and HOMER, JJ., concur.