THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARTHUR COTTON, Defendant-Appellant.

Fourth District   No. 4—01—0792

Opinion filed June 24, 2003.—Modified on denial of rehearing September 5, 2003.

Daniel D. Yuhas and Duane E. Schuster, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott Rueter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant, Arthur Cotton, appeals his jury conviction and sentence for unlawful delivery of a controlled substance with a prior conviction for unlawful possession of a controlled substance, a Class 2 felony. See 720 ILCS 570/401(d) (West 2000). We affirm.

## I. BACKGROUND

The testimony at defendant's trial showed the following. On April 27, 2000, police were conducting an undercover operation to identify street-level drug dealers in the City of Decatur, Illinois. Officer David Crawford was working undercover driving a pickup truck around, trying to buy drugs. Officer Crawford stopped at a curb, defendant approached the truck, Officer Crawford gave defendant $20, and defendant gave Officer Crawford a rock of crack cocaine. A hidden video camera inside the truck captured an image of defendant standing by the driver's side window of the truck, but the actual drug transaction was below the camera's frame and not captured on film. Other undercover officers who were conducting surveillance observed defendant approach the driver's side of the truck for a moment and then walk away. These other officers did not observe the actual exchange of drugs or money. Immediately after the transaction, Officer Crawford met with Officer Jeff McClain and gave Officer McClain the crack cocaine he just purchased from defendant. Officer McClain delivered the crack cocaine to the crime lab, which confirmed that it

was crack cocaine. Based on this evidence, the jury returned a verdict finding defendant guilty of unlawful delivery of a controlled substance.

Defendant was convicted of a Class 2, felony, for which the normal sentencing range is three to seven years in prison. See 730 ILCS 5/5—8—1(a)(5) (West 2000). Because of defendant's prior conviction for unlawful possession of a controlled substance, defendant was subject to a doubling of the maximum sentence, up to 14 years in prison. See 720 ILCS 570/408(a) (West 2000). At the sentencing hearing, the State recommended a 10-year sentence. Defendant's counsel argued for a minimum sentence. The trial court sentenced defendant to seven years in prison based upon defendant's very extensive criminal history spanning three decades. Defendant filed posttrial motions challenging his conviction and sentence, which were denied. Defendant appeals.

## II. ANALYSIS

Defendant raises the following arguments on appeal: (1) he was not eligible for an extended sentence because his prior conviction was not presented and proved to the jury, (2) the evidence was insufficient to prove him guilty beyond a reasonable doubt, and (3) he is entitled to a credit of $945 against his fines. We address each issue in turn.

### A. Defendant's Sentence

■ On appeal, defendant argues that we should vacate his sentence and remand for a new sentencing hearing because defendant was entitled to have the jury determine beyond a reasonable doubt whether he had a prior conviction for unlawful possession. Without this determination, defendant argues, he was ineligible for the discretionary doubling of his maximum sentence pursuant to section 408(a) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/408(a) (West 2000)). In support of his argument, defendant cites *People v. Racinowski*, 78 Ill. App. 3d 954, 960, 397 N.E.2d 932, 937 (1979), which held:

> "Where a criminal statute specifically provides that a previous conviction *mandates* enhancing the sentence or raising the degree of the offense, such previous conviction must be alleged in the indictment and proven to the fact finder." (Emphasis in original.)

However, the application of section 408 of the Act does not require pleading or proving a prior conviction because the enhanced penalty is not mandatory. *People v. Bradford*, 187 Ill. App. 3d 903, 921, 543 N.E.2d 918, 930 (1989). Section 408(a) of the Act provides that "[a]ny person convicted of a second or subsequent offense under this Act *may* be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized." (Emphasis added.) 720 ILCS 570/408(a) (West 2000). There was no error here.

## B. Sufficiency of the Evidence

■ Defendant also argues that we should vacate his conviction and sentence because the evidence was insufficient to prove him guilty beyond a reasonable doubt. The standard for reviewing the sufficiency of the evidence in a criminal case is whether, when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Brown*, 169 Ill. 2d 132, 152, 661 N.E.2d 287, 296 (1996); *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). A reviewing court will not overturn the fact finder's verdict unless the evidence is so unreasonable, improbable, and unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. *Brown*, 169 Ill. 2d at 152, 661 N.E.2d at 296. It is the reviewing court's duty to set aside a conviction when the evidence leaves a reasonable doubt of defendant's guilt. *People v. Schott*, 145 Ill. 2d 188, 206, 582 N.E.2d 690, 699 (1991); *People v. Minniweather*, 301 Ill. App. 3d 574, 577, 703 N.E.2d 912, 914 (1998).

■ In this case, the direct evidence against defendant came in the form of the testimony of Officer Crawford, who engaged in the drug transaction with defendant. "The testimony of a single witness, if it is positive and the witness credible, is sufficient to convict." *People v. Smith*, 185 Ill. 2d 532, 541, 708 N.E.2d 365, 369 (1999). Officer Crawford was positive in his identification of defendant, and his story was corroborated by the circumstantial evidence of the videotape and testimony of other officers who saw defendant standing by Officer Crawford's pickup truck at the time of the transaction. The State also proved that the item that defendant sold to the officer was crack cocaine. Based on this evidence, a rational jury could have found the essential elements of the crime beyond a reasonable doubt.

Defendant suggests the evidence was insufficient because Officer Crawford made four drug transactions that day, and the State could not confirm that the drugs introduced at trial did not come from one of those other three transactions. The testimony of Officer Crawford and Officer McClain, however, positively identified the crack cocaine introduced at trial as the same cocaine purchased from defendant. Defendant also suggests that the evidence is contradictory because Officer McClain said he met Officer Crawford at the police station after the drug transaction with defendant, but Officer Crawford said they met on a different street. We do not find that this minor discrepancy about what happened after the sale impugns the veracity of Officer Crawford's testimony about what happened during the sale. Finally, defendant suggests that the evidence against him is suspect because no one searched Officer Crawford to make sure he did not already

have crack cocaine on his person before the alleged transaction with defendant. However, since Officer Crawford was not an "addict-informer," but a police officer, a search of Officer Crawford's person prior to the transaction was not necessary to bolster Officer Crawford's credibility. See *People v. Coles*, 217 Ill. App. 3d 1079, 1087-88, 578 N.E.2d 86, 91 (1991).

## C. Credit Against Defendant's Fine

■ At the sentencing hearing, the trial court imposed a $1,000 mandatory drug assessment and a $20 street-value fine. The court also determined that defendant was entitled to a $945 credit against the fines. All of these fines and credits are reflected in docket entries in the record. Defendant therefore received the credit. There was no error here.

## III. CONCLUSION

We affirm defendant's conviction and sentence.

Affirmed.

APPLETON and McCULLOUGH, JJ., concur.